IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN L. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1357 |
| | ) Judge Alan Bloch/ |
| Warden JOHN WALTON, | ) Magistrate Judge Francis |
| Deputy Warden, STEVE CMAR, | ) X. Caiazza |
| and BILL NICHOLSON, Naphcare, | ) |
| | ) Doc. 9 |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Defendants' Motion for Summary Judgment be granted.

**II.   REPORT**

Kevin L. Price ("Price" or "the Plaintiff"), a prisoner in the Westmoreland County Prison ("the Prison"), filed a civil rights suit against three defendants, all of whom are employed at the Prison. He claims that his Eighth Amendment rights were violated because he was not provided with the proper medication for a foot infection. Since the Plaintiff has failed to submit evidence showing that the Defendants were deliberately indifferent to his serious medical needs, the summary judgment motion filed by the three Defendants should be granted.

1

## A.  The Relevant Procedural History

Price filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 5. He alleges that in April 2004, he contracted a foot infection. He states that he was examined by the prison doctor in May 2004, who prescribed an antifungal cream. In this action Price alleges that he failed to receive the medication and complains that instead he received a vaginal cream and other antifungal medications that are not intended to treat his malady; *i.e.*, an infection generically referred to as 'athletes feet'.

The Defendants filed a Motion to Dismiss/for Summary Judgment, Doc. 9, along with a supporting brief. Doc. 10. Evidentiary materials were appended to the brief. The court then issued an order notifying the parties that the Defendants' motion will be treated as one seeking summary judgment. Price was also provided with notice directing that he respond to the Defendants' motion by May 19, 2005. He also was informed that the motion and response would be considered under the standards of Federal Rule of Civil Procedure 56. Doc. 12. That order was forwarded to Price at the Prison. He has failed to respond to the Defendants' motion.

## B.  Discussion

Price claims that the Defendants failed to respond to his complaints with respect to his treatment regime, and that their conduct violates his Eighth Amendment rights. In support of their argument the Defendants have attached to their motion an

2

affidavit submitted by William Nicholson ("Nicholson"), who is a Defendant in this action. He is also the administrator of the medical department at the Prison. Nicholson's affidavit chronicles the Plaintiff's treatment and he notes, contrary to Price's allegation, that he was first examined in May 2004. With respect to his foot infection, Price was initially examined on June 8, 2004. Doc. 9. Ex. A. At that time he was prescribed miconazole cream and was given instructions to keep his shoes and socks off whenever possible. Next, on June 26, 2004, Price filed a request slip asking to consult with the doctor, claiming that the prescription he received on June 8, 2004 had never been filled. On June 30, the medication prescribed for Price's cream was re-ordered. The Medical Department had no additional contact with Price until August 22, 2004, when the institutional medical personnel received a complaint from the Plaintiff claiming that his foot infection remained symptomatic and that he was no longer receiving the prescribed medication. Id., Ex. A, Aff. and sub Ex. D. Price was then examined on August 24, 2004 and was prescribed a different medication. Thereafter, the medical department received no further complaints from Price.

Parenthetically, the Plaintiff attached evidentiary materials to his *in forma pauperis* application as well as to his complaint. Even these materials show that the Plaintiff received the prescribed medications. See, e.g., Doc. 1, Attach. entitled "Westmoreland County Prison Inmate Request Slip" and dated July 30, 2004.

3

The Supreme Court has explained that an analysis of a violation of the Eighth Amendment involves a two pronged inquiry: 1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and 2) a "subjective inquiry" into the mind of the person inflicting the harm. See Wilson v. Seiter, 501 U.S. 294 (1991). With respect to Price's claim, the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain [as] proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976)(internal quotations omitted). The Court stated that the subjective prong of an Eighth Amendment "deliberate indifference" claim is met when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A Plaintiff bears the burden to prove, by competent evidence, both the subjective and the objective components of the Eighth Amendment. Newland v. Achute, 932 F. Supp. 529, 532 (S.D.N.Y. 1996).

First, Price's failure to receive his medication after it was first prescribed reveals, at most, negligence, which is insufficient to support a deliberate indifference claim, especially since the creams were reordered on June 30, 2004,

4

immediately after the medical personnel at the Prison learned of Price's predicament. Also, there is nothing in this record which shows that any of the Defendants knew that Price had not received his medication before that date. On this basis alone, Price's claim lacks merit because it may not even rise to the level of a negligence action. See Estelle, 429 U.S. at 105-06.

Next, to the extent that the Plaintiff is complaining that the Defendants did not directly respond to his medical complaints, his claims lack merit. See, e.g., Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)(a non-physician prison employee is not deliberately indifferent to an inmate's serious medical need because he or she failed to respond directly to the medical complaints of a prisoner who was being treated by the prison doctor); see also Thomas v. Zinkel, 155 F.Supp.2d 408, 413 (E.D. Pa. 2001)("Prison authorities who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.").

### III. CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the

5

objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/ Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

Dated: November 18, 2005

cc: Honorable Alan N. Bloch
 United States District Judge

 Kevin L. Price
 3672-03
 Westmoreland County Prison
 3000 South Grande Boulevard
 Greensburg, PA 15601

 John K. Greiner
 Belden Law
 117 North Main Street
 Greensburg, PA 15601